**POSTERNOCK APELL, PC**
By:    Daniel Posternock (01911986)
        Diana R. Sever (031111994)
302 Harper Drive, Suite 103
Moorestown, New Jersey 08057
Telephone: (856) 642-6445 Facsimile: (856) 642-6148
danp@posternockapell.com/ dsever@posternockapell.com
Attorneys for Defendant, William McFetridge

| | |
|---|---|
| BRENDAN W. BUTLER and SARAH K. BUTLER, h/w <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM MCFETRIDGE, <br><br> And <br><br> DANIEL R. WHITE <br><br> And <br><br> DANIEL R. WHITE REALTORS, LLC <br><br> And <br><br> BOROUGH OF HADDON HEIGHTS, <br> Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> DOCKET NO.: 24-cv-07733-RMB-SAK <br><br> *CIVIL ACTION* <br><br> **STIPULATION EXTENDING TIME TO ANSWER, MOVE OR OTHERWISE PLEAD** |

It is hereby stipulated and agreed by and between Weir, Greenblatt, Pierce, LLP attorneys

for Plaintiffs, Brendan W. Butler and Sarah K. Butler, h/w, and Posternock Apell, P.C., attorneys

for Defendant, William McFetridge, that the time within which Defendant William McFetridge

may serve and file an Answer, move or otherwise plead as to Brendan W. and Sarah K. Butler's

Complaint, is hereby extended fourteen (14) days to on or before November 11, 2024.

| | |
|---|---|
| Weir, Greenblatt Pierce, LLP <br> Attorneys for Plaintiffs, Brendan W. Butler <br> And Sarah K. Butler <br><br> _Jennifer Hiller Nimeroff, Esquire_ <br> Dated: November 4, 2024 | Posternock Apell, P.C. <br> Attorneys for Defendant, William McFetridge <br><br> *Diana R. Sever* <br> _____ <br> Diana R. Sever, Esquire <br> Dated: November 11, 2024 |

**POSTERNOCK APELL, PC**
By:    Daniel Posternock, Esquire
         Diana R. Sever, Esquire (031111994)
302 Harper Drive, Suite 103
Moorestown, New Jersey 08057
Telephone: (856) 642-6445   Facsimile: (856) 642-6148
dsever@posternockapell.com
Attorneys for Defendant, William McFetridge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRENDAN W. BUTLER and SARAH K. BUTLER h/w | : | |
| | : | |
| | : | Civil Action |
| Plaintiffs, | : | |
| | : | No.:  24-cv-07733-RMB-SAK |
| v. | : | |
| | : | |
| WILLIAM MCFETRIDGE; DANIEL R. WHITE; DANIEL R. WHITE REALTORS LLC; and BOROUGH OF HADDON HEIGHTS | : | **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, CROSS CLAIMS, ANSWER TO ALL CROSSCLAIMS, DESIGNATION OF TRIAL COUNSEL & JURY DEMAND** |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | **ON BEHALF OF DEFENDANT** |
| | : | **WILLIAM MCFETRIDGE** |

Defendant William McFetridge by way of Answer to Plaintiffs' Complaint served herein, does hereby say:

### INTRODUCTORY STATEMENT

1.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

2.    Denied.

3.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

4.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering

defendants, same are denied and Plaintiffs are left to their strict proofs.

5.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

6.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs. All allegations that Answering Defendant engaged in "material misrepresentations, omissions, and/or concealments" are specifically denied.

7.    The allegations of this paragraph set forth legal conclusions to which no answer is required. To the extent this paragraph sets forth any allegations of fact, the allegations therein are denied.

8.    The allegations of this paragraph set forth legal conclusions to which no answer is required. To the extent this paragraph sets forth any allegations of fact, the allegations therein are denied.

9.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

10.    The allegations of this paragraph are not directed to this Defendant. Therefore, no answer is made, and Plaintiffs are left to their strict proofs. By way of further response, the Deed speaks for itself.

11.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

12.    The allegations of this paragraph are not directed to this Defendant and

therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

13.    The allegations contained in this paragraph refer to a document which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

14.    The allegations contained in this paragraph refer to a document which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

15.    The allegations contained in this paragraph refer to a document which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

16.    The allegations contained in this paragraph refer to a document which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

17.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

18.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

19.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

20.    It is admitted Mr. McFetridge was represented by Defendants Daniel R. White and Daniel R. White realtor/ Defendant Daniel R. White Realtors LLC in the sale of the Guyer

3

Property.

21.     The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

22.     The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

23.     The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

24.     The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

25.     The allegations of this paragraph are neither admitted nor denied and Plaintiffs are left to their strict proofs.

26.     Denied as stated. It is admitted that Answering Defendant accepted Plaintiffs offer to purchase the Guyer Property.

27.     Denied as stated. It is admitted that Answering Defendant and Plaintiffs entered into a Real Estate Sales Contract, the contents of which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

28.     Denied as stated. It is admitted that Answering Defendant provided a Seller's Property Condition Disclosure Statement, the contents of which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

29.     (a) through (g) The allegations contained in this paragraph refer to a document which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said

allegations are denied.

30.    The allegations contained in this paragraph refer to a document which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

31.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. In addition, the allegations contained in this paragraph refer to a document which speaks for itself. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

32.    It is admitted Answering Defendant completed a Property Condition Disclosure Statement. Plaintiffs are left to their proofs as to the remaining allegations of this paragraph.

33.    Denied.

34.    Denied.

35.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

36.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

37.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

38.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

39.    The allegations of this paragraph are not directed to this Defendant and

therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

40.    Denied as to Answering Defendant.

41.    Admitted.

42.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

43.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

44.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

45.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

46.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

47.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

48.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

49.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

50.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

51.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

52.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

53.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

54.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

55.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

56.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

57.    The allegations of this paragraph are not directed to this Defendant and

therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

58.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

59.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

60.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

61.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

62.    The allegations of this paragraph are not directed to this Defendant and therefore no answer is required. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

## COUNT I – NEGLIGENCE/DANGEROUS CONDITION
### (Borough of Haddon Heights)

63.    Answering Defendant repeats and realleges the allegations above as if set forth at length herein. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

64.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

65.    The allegations contained in this paragraph do not apply to this Answering

Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

66.     The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

67.     The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

68.     The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

WHEREFORE, Defendant William McFetridge hereby demands dismissal of the Complaint with prejudice and costs of suit.

### COUNT II- NUISANCE
### (Borough of Haddon Heights)

69.     Answering Defendant repeats and realleges the allegations above as if set forth at length herein.

70.     The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

71.     The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

72.     The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

73.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

WHEREFORE, Defendant William McFetridge hereby demands dismissal of the Complaint with prejudice and costs of suit.

### COUNT III – TRESPASS
**(Borough of Haddon Heights)**

74.    Answering Defendant repeats and realleges the allegations above as if set forth at length herein.

75.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

76.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

77.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

78.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

79.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

80.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to

answering defendants, same are denied and Plaintiffs are left to their strict proofs.

81.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

WHEREFORE, Defendant William McFetridge hereby demands dismissal of the Complaint with prejudice and costs of suit.

## COUNT IV – INVERSE CONDEMNATION
### (Borough of Haddon Heights)

82.    Answering Defendant repeats and realleges the allegations above as if set forth at length herein. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

83.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

84.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

85.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

86.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

87.    The allegations contained in this paragraph do not apply to this Answering Defendant and therefore no answer is made. To the extent that any allegations are directed to answering defendants, same are denied and Plaintiffs are left to their strict proofs.

WHEREFORE, Defendant William McFetridge hereby demands dismissal of the Complaint with prejudice and costs of suit.

## <u>COUNT V – FRAUDULENT MISREPRESENTATION</u>
### (Mr. McFetridge, DRWR and Mr. White)

88.     Answering Defendant repeats and realleges the allegations above as if set forth at length herein.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

WHEREFORE, Defendant William McFetridge hereby demands dismissal of the Complaint with prejudice and costs of suit.

## <u>COUNT VI – NEGLIGENT MISREPRESENTATION</u>
### (Mr. McFetridge, DRWR and Mr. White)

103.    Answering Defendant repeats and realleges the allegations above as if set forth at length herein.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

WHEREFORE, Defendant William McFetridge hereby demands dismissal of the Complaint with prejudice and costs of suit.

## COUNT VII – VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J.S.A. 56:8-1 ET SEQ.
### (Mr. McFetridge, DRWR and Mr. White)

108.    Answering Defendant repeats and realleges the allegations above as if set forth at length herein.

109.    The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent an Answer is required, it is denied that the New Jersey Consumer Fraud Act applies to Answering Defendant in this action. It is further denied that Answering Defendant engaged in any unlawful practice.

110.    Denied.

111.    Denied.

112.    Denied.

WHEREFORE, Defendant William McFetridge hereby demands dismissal of the Complaint with prejudice and costs of suit.

### AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to allege facts sufficient to constitute a cause of action upon which relief can be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Answering Defendant performed each and every duty which it owed to the Plaintiffs under the circumstances alleged in the Complaint or under any other circumstances.

4.      Answering Defendant was not guilty of negligence as charged in the Complaint or otherwise.

5.      The Complaint fails to state a claim upon which relief can be granted.

6.      The within matter is governed by the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

7.      Plaintiffs' claims are barred by the principles of waiver, estoppel, latches, and unclean hands.

8.      Plaintiff's damages, if any, must be reduced by the doctrine of set-off.

9.      Plaintiffs' claims are barred in whole or in part, by Plaintiffs' failure to mitigate any claimed damages.

10.     The New Jersey Consumer Fraud Act does not apply to Answering Defendant. Therefore, all claims based thereon fail as a matter of law.

11.     Plaintiffs did not suffer ascertainable loss.

12.     While Answering Defendant denies the allegations set forth in Plaintiffs' Complaint as to violations of the N J CFA, assuming arguendo that the allegations are true, the actions of this Answering Defendant do not constitute a violation of the Consumer Fraud Act.

13.     Plaintiff's claim is not cognizable by a jury unless and until there is a prior finding of compliance with provisions of New Jersey Consumer Fraud Act and related provisions and or regulations.

14.     Any damages sustained by the Plaintiffs were the result of either their own actions, and/or entities or third parties over whom this Answering Defendant has no control, but who should be named as dispensable parties to this litigation.

15.     Answering Defendant neither made an affirmative misrepresentation of material fact nor withheld any material facts within his possession.

16.     Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction

17.    Plaintiffs voluntarily relinquished a known right; therefore they have waived same.

18.    Plaintiffs' claims are barred in whole or in part by the doctrine of release.

19.    Plaintiffs' claims are barred, waived, and/or conditioned by the express or implied terms of the sales contract and deed.

20.    As to any contract which may have existed between the parties, Answering Defendant fully performed any and all obligations which may have arisen from such contract or agreement and did not engage in any material breach of any contractual obligation or duty owed to Plaintiffs.

21.    As to any contract which may have existed between the parties, said contract was breached by Plaintiffs.

22.    Plaintiffs have failed to name the party or parties or indispensable and necessary to this litigation.

23.    Plaintiffs' claims are the result of physical changes made to the property by Plaintiffs by changing the grade of the property, the physical layout of the property, installing improvements that increased impervious coverage on the property, and otherwise created a situation resulting in the damages claimed by Plaintiffs.

24.    Plaintiffs' claims are barred by the doctrine of avoidable consequences.

25.    Answering Defendant violated no duty or obligation owed to Plaintiff, and Answering Defendant did not act negligently or fraudulently.

26.    At all times relevant to this Lawsuit, Answering Defendant acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

27.    The facts forming the basis for this Lawsuit were the result of an intervening and/or superseding cause to terminate any liability against answering defendants.

28.    Plaintiff was not subjected to any actionable or unlawful conduct.

29.    Answering Defendant did not subject Plaintiff to any actionable or unlawful conduct.

30.    At no time did Answering Defendant act with actual knowledge of and/or deliberate indifference to any alleged deprivation of Plaintiff's federal, state, and/or common rights.

31.    Any injuries or damages suffered by Plaintiffs was the result of Plaintiffs' own actions or inactions and therefore these defendants are not liable for any such damages or injuries.

32.    Answering Defendant invokes all defenses to any claim for punitive damages pursuant to N.J.S.A. 2A:15-5 *et seq.*

33.    The allegations for punitive damages contained in Plaintiffs' pleading constitute a frivolous claim in whole or in part pursuant to N.J.S.A. 2A:15-59.1, and the Answering Defendant reserves the right to make a claim for relief under this provision.

34.    Plaintiffs' claims based upon the New Jersey Consumer Fraud Act are "frivolous" as that term is defined and used at Fed. R. Civ. P. 11, R. 1:4-8 and the New Jersey Frivolous Lawsuit Statute, entitling Answering Defendant to fees, costs, and sanctions.

35.    Plaintiffs' claims herein are otherwise "frivolous" as that term is defined and used at Fed. R. Civ. P. 11, R. 1:4-8 and the New Jersey Frivolous Lawsuit Statute, entitling Answering Defendant to fees, costs, and sanctions.

36.    Answering Defendant hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff William McFetridge hereby alleges and says:

1.      Counterclaim Plaintiff William McFetridge (Mr. McFetridge) is a New Jersey resident and the former owner of certain Property located at 509 Guyer Drive, Township of Haddon Heights, County of Camden and State of New Jersey ("509 Guyer").

2.      Counterclaim Defendants Brendan W. Butler and Sarah K. Butler nee Brown ("the Butler Counterclaim Defendants") are adult individuals who currently own and reside at 509 Guyer.

## Facts Relevant to All Counts

3.      On or about July 12, 2021, Mr. McFetridge – a Union pipe fitter who also works in the live music industry - purchased 509 Guyer with the intent to reside there as his primary residence.

4.      Mr. McFetridge purchased 509 Guyer privately from its previous owner, and without securing a home inspection.

5.      From the time Mr. McFetridge bought it until the time he sold it in 2022, 509 Guyer was Mr. McFetridge's primary residence.

6.      In September 2022, Mr. McFetridge hired Defendants Daniel R. White and Daniel R. White Realtors, LLC (collectively referred to as "Dan White Realtor Defendants") to assist in listing 509 Guyer for sale.

7.      On or about September 29, 2022, the Dan White Realtor Defendants listed 509 Guyer for sale.

8.      The Butler Counterclaim Defendants viewed 509 Guyer in person on a rainy October 2, 2022, accompanied by their parents and by Realtor Dan White.

9.      On this date (October 2, 2022), Realtor Dan White told the Butlers about the Drainage Easement which is open, obvious and visible at the edge of the Property.

10.    On this date, Realtor Dan White and the Butler Counterclaim Defendants specifically discussed the Drainage Easement and the fact that water in and about the Easement was visible.

11.    On this date, the Butler Counterclaim Defendants specifically remarked about the yard and Drainage Easement being "full of water" at the time because of the substantial rain.

12.    On this date, the Butler Counterclaim Defendants accessed the Haddon Heights tax map via the Internet to confirm the existence of the Drainage Easement, stating they intended to get a survey of 509 Guyer.

13.    The Buter Counterclaim Defendants thereafter submitted an offer to Mr. McFetridge, which was accepted.

14.    On October 5, 2022, the Butler Counterclaim Defendants and Mr. McFetridge entered into a Contract (Contract) in which the Butlers agreed to purchase 509 Guyer for $503,000.

15.    According to paragraph 11 of the Contract,

This sale will be subject to utility and other easements and restrictions of record, if any, and such state of facts as an accurate survey might disclose, provided such easement or restriction does not unreasonably limit the use of the Property. Generally, an easement is a right of a person other than the owner of property to use a portion of the property for a special purpose. A restriction is a recorded limitation on the manner in which a property owner may use the property. Buyer does not have to complete the purchase, however, if any easement, restriction or facts disclosed by an accurate survey would substantially interfere with the use of the Property for residential purposes. A violation of any restriction shall not be a reason for Buyer refusing to complete the Closing as long as the title company insures Buyer against loss at regular rates. The sale also will be made subject to applicable zoning ordinances, provided that the ordinances do not render title unmarketable.

(See Contract, at Para. 11)

16.    On October 10, 2022, the Butler Counterclaim Defendants arranged for 509 Guyer to be inspected by Target Home Inspections, LLC.

17.    After the October 10, 2022 home inspection, Mr. McFetridge made certain repairs to 509 Guyer at the request and with acceptance of the Butler Counterclaim Defendants.

18.    On November 5, 2022 the parties closed on 509 Guyer.

### COUNT I – FRIVOLOUS PLEADING (COUNT VII) IN VIOLATION OF N.J.S.A. 2A:15-59.1

19.    Counterclaim Plaintiff Mr. McFetridge repeats and reiterates the foregoing allegations as if set forth at length herein.

20.    At all relevant times herein, Mr. McFetridge was the non-professional seller of real estate who sold his residential home – 509 Guyer - in the normal course of events.

21.    Count VII of the Complaint charges Mr. McFetridge with violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. (NJCFA).

22.    The NJCFA, and in particular N.J.S.A. 56:8-2 provides: "the act, use or employment by any person of any unconscionable *commercial* practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." (emphasis added)

23.    The NJCFA does not apply to nonprofessional sellers of real estate who sell his/her/their home in the normal course of events such as Mr. McFetridge.

24.    Count VII of the Butler Counterclaim Defendants' Complaint herein was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury.

25.    The Butler Counterclaim Defendants knew, or should have known, that Count VII of their Complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

26.    Count VII of the Butlers' Complaint otherwise lacks any reasonable basis in law or equity and therefore violates the New Jersey Frivolous Lawsuit Statute, N.J.S.A. 2A:15-59.1.

WHEREFORE, Counterclaim Plaintiff William McFetridge demands Count VII of the Complaint against him be Dismissed with Prejudice, and Judgment against Plaintiffs/Counterclaim Defendants Brendan W. Butler and Sarah K. Butler for attorneys fees, damages and costs of suit for the filing of their frivolous pleading in accordance with N.J.S.A. 2A: 15-59.1.

## COUNT II – FRIVOLOUS PLEADING (COUNT V AND VI) IN VIOLATION OF N.J.S.A. 2A:15-59.1

27.    Counterclaim Plaintiff Mr. McFetridge repeats and reiterates the foregoing allegations as if set forth at length herein.

28.    In Count V of their Complaint, the Butler Counterclaim Defendants allege that Mr. McFetridge "misrepresented to Plaintiffs that there were no material defects with the Guyer Property; (b) conceal[ed] information from the Plaintiffs regarding the Issues, and (c) caus[ed] Plaintiffs to receive a Property Condition Disclosure Statement that failed to disclose the Issues and represented that no material defects existed."

29.    In Count VI of their Complaint, the Butler Defendants allege in the alternative that Mr. McFetridge "negligently and/or recklessly" misrepresented the condition of the Property.

30.    In New Jersey, only the deliberate concealment of a **latent** defective condition material to a real estate transaction constitutes sufficient grounds to hold a seller responsible for damages to a buyer after closing. Weintraub v. Krobatsch, 64 N.J. 445, 454 (1974).

31.    The Drainage Easement at issue herein is open, obvious, and visible at the edge of 509 Guyer Property and is therefore not a latent defective condition.

32.    The Butler Counterclaim Defendants admittedly visibly observed the Drainage Easement prior to putting an offer in on 509 Guyer.

33.    The Butler Counterclaim Defendants admittedly visibly observed water in the Drainage Easement prior to putting an offer in on 509 Guyer.

34.    The Butler Counterclaim Defendants admittedly checked the Haddon Heights tax map via the Internet to confirm the existence of the Drainage Easement.

35.    The Butler Counterclaim Defendants admitted to intending to secure a survey of 509 Guyer based their visible observation and tax map confirmation of the Drainage Easement at 509 Guyer.

36.    Mr. McFetridge's realtor, Realtor Dan White, told the Butler Counterclaim Defendants about the Drainage Easement prior to putting an offer in on 509 Guyer.

37.    The Butler Counterclaim Defendants knew about the Drainage Easement prior to putting an offer in on 509 Guyer.

38.    The Butler Counterclaim Defendants knew about the Drainage Easement prior to closing on 509 Guyer.

WHEREFORE, Counterclaim Plaintiff William McFetridge demands Counts V and VII of the Complaint against him be Dismissed with Prejudice, and further demands Judgment against Plaintiffs/Counterclaim Defendants Brendan W. Butler and Sarah K. Butler for attorneys fees, damages and costs of suit for the filing of their frivolous pleading in accordance with N.J.S.A. 2A: 15-59.1.

## **CROSS-CLAIM FOR CONTRIBUTION**

Take notice that Answering Defendant hereby demands contribution of the Co-Defendants pursuant to N.J.S.A. 2A:53A-1 et seq.

## CROSSCLAIM FOR IDEMNIFICATION

1.      This Answering Defendant denies negligence or any responsibility whatsoever for the acts complained of in the Complaint filed herein.

2.      If, in fact, the Defendant, McFetridge is found to have any responsibility in this matter, then, in that event, Answering Defendant hereby crossclaims for indemnity pursuant to common law indemnity against all co-defendants  in that any liability of the answering Defendants could only be secondary, imputed and/or vicarious thereby giving 1ise to a common law right over against those found actively responsible.

3.      If, in fact, the Defendant, McFetridge is found to have any responsibility in this matter, then, in that event, Answering Defendant hereby crossclaims for indemnity pursuant to contractual principles of indemnity against all co-defendants defendants in that any liability of the Answering Defendants could only be secondary, imputed and/or vicarious thereby giving 1ise to a common law right over against those found actively responsible.

WHEREFORE, Defendant McFetridge demands judgment for indemnification against all co-defendants, for the entire amount of any damages recovered against it, together with counsel fees and other costs of suit.

## ANSWER TO ALL CROSSCLAIMS

Answering defendants hereby deny all allegations contained in all crossclaims filed.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Daniel Posternock, Esquire is herewith designated as trial counsel.

## JURY DEMAND

Demand is hereby made for trial by jury on all claims so triable.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer with Separate Defenses, Jury Demand and Designation of Trial Counsel was filed and served via operation of this

Court's CM/ECF system, on this 11 day of November, 2024.

POSTERNOCK APELL, PC

_s/Diana R. Sever_____
DIANA R. SEVER, ESQUIRE

Dated:   November 11, 2024

## DECLARATION OF COUNSEL PURSUANT TO LOCAL CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

POSTERNOCK APELL, PC

_s/Diana R. Sever_____
DIANA R. SEVER, ESQUIRE

Dated:   November 11, 2024