File No. 14794-0034-JCG

**Law Offices**
**PARKER McCAY P.A.**
**By:  John C. Gillespie, Esquire**
**Email:  jgillespie@parkermccay.com**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey  08054**
**(856) 596-8900**
Attorneys for Defendant, Borough of Haddon Heights

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRENDAN W. BUTLER and SARAH K. BUTLER h/w, <br><br>    Plaintiffs, <br><br>    v. <br><br> WILLIAM MCFETRIDGE, DANIEL R. WHITE, DANIEL R. WHITE REALTORS LLC, BOROUGH OF HADDON HEIGHTS, BROOKS CASS and KRISTEN CASS, <br><br>    Defendants. | HONORABLE RENÉE MARIE BUMB <br><br> CIVIL ACTION NO. 24-cv-07733-RMB-SAK <br><br><br> **ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSSCLAIMS, ANSWER TO ALL CROSSCLAIMS, DESIGNATION OF TRIAL COUNSEL & JURY DEMAND ON BEHALF OF DEFENDANT, BOROUGH OF HADDON HEIGHTS** |

Defendant, Borough of Haddon Heights, with offices at 625 Station Avenue, Haddon Heights, New Jersey 08035, by way of Answer to Plaintiffs' Amended Complaint, hereby says:

**PARTIES, JURISDICTION AND VENUE**

1. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

2. This Answering Defendant neither admits nor denies the allegations of this paragraph,

as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

3. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

4. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

5. Admitted.

6. Admitted.

7. Denied as to the allegation of responsibility/liability by Answering Defendant; neither admitted nor denied as to the balance of the paragraph, as Answering Defendant is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

8. This Answering Defendant neither admits nor denies the allegations of this paragraph, as the paragraph sets forth legal conclusions to which no answer is required.

9. This Answering Defendant neither admits nor denies the allegations of this paragraph, as the paragraph sets forth legal conclusions to which no answer is required.

10. This Answering Defendant neither admits nor denies the allegations of this paragraph, as the paragraph sets forth legal conclusions to which no answer is required.

11. This Answering Defendant neither admits nor denies the allegations of this paragraph, as the paragraph sets forth legal conclusions to which no answer is required.

## **BACKGROUND**

12. Admitted.

13. This Answering Defendant neither admits nor denies the allegations of this paragraph, as the Deed speaks for itself.

14. Admitted that a drainage easement appears to exist on said properties; denied that same is "in favor of the Borough."

15. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

16. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs; but denies that said easement was ever adopted, transferred and/or assigned to the Borough, either in fact or by operation of law.

17. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

18. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

19. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

20. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions

regarding same, and leaves Plaintiffs to their proofs.

21. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

22. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

23. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

24. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

25. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

26. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

27. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

28. This Answering Defendant neither admits nor denies the allegations of this paragraph,

as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

29. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

30. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

31. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

32. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

33. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

34. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

35. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

36. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

37. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

38. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

39. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

40. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

41. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

42. Denied.

43. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs as to first clause of allegation; but denies that this Answering Defendant is responsible for the maintenance and upkeep

of the drainage easement.

44. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

45. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

46. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

47. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

48. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

49. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

50. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

51. This Answering Defendant neither admits nor denies the allegations of this paragraph,

as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

52. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

53. Denied.

54. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs, except that Answering Defendant denies its ownership of the drainage system contained within the Easement Area.

55. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

56. Denied.

57. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

58. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

59. Denied.

60. This Answering Defendant neither admits nor denies the allegations of this paragraph,

as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

61. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

62. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

63. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

64. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

65. Denied.

## COUNT I – NEGLIGENCE/DANGEROUS CONDITION
### (Borough of Haddon Heights)

66. This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**WHEREFORE**, Defendant, Borough of Haddon Heights, demands judgment dismissing Plaintiffs' Amended Complaint and awarding it costs, attorneys' fees, and such other relief as the Court deems equitable, just and proper.

## COUNT II – NUISANCE
**(Borough of Haddon Heights)**

72. This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

**WHEREFORE**, Defendant, Borough of Haddon Heights, demands judgment dismissing Plaintiffs' Amended Complaint and awarding it costs, attorneys' fees, and such other relief as the Court deems equitable, just and proper.

## COUNT III – TRESPASS
**(Borough of Haddon Heights)**

77. This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

78. Denied.

79. Denied.

80. This Answering Defendant neither admits nor denies the allegations of this paragraph, as it is without sufficient information so as to allow it to formulate any conclusions regarding same, and leaves Plaintiffs to their proofs.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

**WHEREFORE**, Defendant, Borough of Haddon Heights, demands judgment dismissing Plaintiffs' Amended Complaint and awarding it costs, attorneys' fees, and such other relief as the Court deems equitable, just and proper.

## COUNT IV – INVERSE CONDEMNATION
### (Borough of Haddon Heights)

85. This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

**WHEREFORE**, Defendant, Borough of Haddon Heights, demands judgment dismissing Plaintiffs' Amended Complaint and awarding it costs, attorneys' fees, and such other relief as the Court deems equitable, just and proper.

## COUNT V – FRAUDULENT MISREPRESENTATION
### (Mr. McFetridge, DRWR and Mr. White)

91. This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

92. The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

93. The allegations of this paragraph are not directed to this Answering Defendant and

have therefore not been answered.

94. The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

95. The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

96. The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

97. The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

98. The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

99. The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

100.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

101.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

102.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

103.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

104.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

105.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

## COUNT VI – NEGLIGENT MISREPRESENTATION
### (Mr. McFetridge, DRWR and Mr. White)

106.    This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

107.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

108.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

109.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

110.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

## COUNT VIII – VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
### N.J.S.A. 56:8-1, ET SEQ.
### (DRWR and Mr. White)

111.    This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

112.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

113.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

114.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

115.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

## COUNT VIII – NEGLIGENCE
### (Brooks Cass and Kristen Cass)

116.    This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

117.    This Answering Defendant neither admits nor denies the allegations of this paragraph, as the paragraph sets forth legal conclusions to which no answer is required.

118.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

119.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

120.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

## COUNT IX – NUISANCE
### (Brooks Cass and Kristen Cass)

121.    This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

122.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

123.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

124.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

125.    The allegations of this paragraph are not directed to this Answering Defendant

and have therefore not been answered.

## COUNT X – TRESPASS
### (Brooks Cass and Kristen Cass)

126.    This Answering Defendant repeats its answers to the paragraphs referenced by this paragraph as if set forth at length.

127.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

128.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

129.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.' The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

130.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

131.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

132.    The allegations of this paragraph are not directed to this Answering Defendant and have therefore not been answered.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendant performed each and every duty which it owed to the Plaintiffs under the circumstances alleged in the Amended Complaint or under any other circumstances.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendant was not guilty of negligence as charged in the Amended Complaint or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from liability in accordance with the applicable procedural and substantive provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et al. Specifically, Plaintiffs have failed to comply with the Notice requirements of the Act (N.J.S.A. 59:8-1 et seq.); and its substantive claims are barred by N.J.S.A. 59:2-1, 2-3; 2-4; 2-5, 2-6; 4-2, 4-3, 4-6, 4-7, 4-8; 9-2, 9-3, 9.3-1, 9-4.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant did not perform an overt act on the Plaintiffs' properties that resulted in a physical occupation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the basis that Plaintiffs have not been deprived of all reasonably beneficial use of their property.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the basis that any alleged deprivation of the beneficial use of Plaintiffs' property were not caused by the exercise of government authority.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have not been denied all economically viable uses of their land.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant has not unreasonably interfered with the use and enjoyment of Plaintiffs' land; and Answering Defendant took no action, nor failed to take any required action, that resulted in a "taking" of Plaintiffs' property under applicable inverse condemnation law.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant has not at any time diverted the natural flow of storm water onto Plaintiffs' property.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from liability for the consequences of the natural drainage pattern of storm water which has entered Plaintiffs' property.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the basis that Answering Defendant did not create a hazardous condition on their property.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

The within matter is governed by the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant hereby reserves the right to add additional Affirmative Defenses as investigation and discovery may warrant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the principles of waiver, estoppel, latches, and unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant has not deprived the Plaintiffs of any right, privilege, or immunities secured to it by the United States Constitution or any federal law.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any damages sustained by the Plaintiffs were the result of either their own actions, and/or entities or third parties over whom this Answering Defendant has no control, but who should be named as dispensable parties to this litigation.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to name the party or parties or indispensable and necessary to this litigation.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their own failure, and the failure of their predecessors in interest, take reasonable steps and care to avoid, minimize, and/or mitigate damages to the property.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are the result of physical changes made to the property by Plaintiffs or their predecessors in interest, by changing the grade of the property, the physical layout of the property, installing improvements that increased impervious coverage on the property, and otherwise created a situation resulting in the damages claimed by Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of avoidable consequences.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery by reason of their contributory negligence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of assumption of the risk.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Answering Defendant adopts by reference any and all Affirmative Defenses pled by other Defendants if not specifically identified herein.

## RESERVATION OF RIGHTS AND DEFENSES

Answering Defendant hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation. Answering Defendant reserves the right, at or before trial, to move to dismiss the Amended Complaint and/or for summary judgment, on the basis that the Amended Complaint fails to state a claim upon which relief can be granted and/or Answering Defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

## CROSSCLAIM FOR CONTRIBUTION

Defendant, Borough of Haddon Heights, demands contribution from all co-defendants, under the provisions of N.J.S.A. 2A:53A-1, *et seq*., and 2A:15-5.3.

## CROSSCLAIM FOR INDEMNITY

1.      This Answering Defendant denies negligence or any responsibility whatsoever for the acts complained of in the Amended Complaint filed herein.

2.      If, in fact, the Defendant, Borough of Haddon Heights, is found to have any responsibility in this matter, then, in that event, Answering Defendant hereby crossclaims for indemnity pursuant to common law indemnity against all co-defendants.

**WHEREFORE**, Defendant, Borough of Haddon Heights, demands judgment for indemnification against all co-defendants, for the entire amount of any damages recovered against it, together with counsel fees and other costs of suit.

## ANSWER TO ALL CROSSCLAIMS

The Defendant, Borough of Haddonfield, denies that it is responsible for indemnification or contribution to the co-defendants or any third party defendants on any crossclaim that is presently asserted against it or may be asserted against it.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that John C. Gillespie, Esquire is herewith designated as trial counsel.

## JURY DEMAND

This Answering Defendant demands a trial by jury.

PARKER McCAY P.A.
Attorneys for Defendant,
Borough of Haddon Heights


BY: *s/John C. Gillespie*
        JOHN C. GILLESPIE, ESQUIRE

Dated:  April 9, 2025

## <u>DECLARATION OF COUNSEL PURSUANT TO LOCAL CIV. R. 11.2</u>

Pursuant to Local Civil Rule 11.2, I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

PARKER McCAY P.A.
Attorneys for Defendant,
Borough of Haddon Heights

BY: *s/John C. Gillespie*
        JOHN C. GILLESPIE, ESQUIRE

Dated:  April 9, 2025

## <u>CERTIFICATION OF SERVICE</u>

I certify that on April 9, 2025, a copy of the Answer to Amended Complaint was served

upon all counsel of record by way of Electronic Filing (CM/ECF).  I also served a copy of the

Answer to Amended Complaint via certified mail, return receipt requested, and regular mail to:

>Brooks Cass
>513 Guyer Drive
>Haddon Heights, NJ 08035
>**Defendant**

>Kristen Cass
>513 Guyer Drive
>Haddon Heights, NJ 08035
>**Defendant**

>PARKER McCAY P.A.
>Attorneys for Defendant,
>Borough of Haddon Heights


>BY: *s/John C. Gillespie*
>    JOHN C. GILLESPIE, ESQUIRE

Dated:  April 9, 2025


4931-1194-7828, v. 1