**MARSHALL DENNEHEY**
By: William F. Waldron, Jr., Esq., Esq.
Attorney I.D. No. 018551993
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100    📠973-618-0685
📧 wfwaldron@mdwcg.com
ATTORNEYS FOR Third Party Defendant, James Maccariella, Jr., PE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRENDAN W. BUTLER and SARAH K. BUTLER, h/w | Civil Action No. 1:24-cv-07733-RMB-SAK |
| Plaintiff(s) | |
| v. | **THIRD PARTY DEFENDANT, JAMES MACCARIELLA, JR., PE ANSWER TO THIRD PARTY COMPLAINT** |
| WILLIAM MC FETRIDGE, DANIEL R. WHITE, DANIEL R. WHITE REALTORS LLC, BOROUGH OF HADDON HEIGHTS, BROOKS CASS and KRISTEN CASS | |
| Defendants | |
| And | |
| BROOKS CASS and KRISTEN CASS | |
| Defendant-Third Party Plaintiff | |
| Vs. | |
| ARTISTIC POOLS CORPORATION and JAMES MACCARIELLA, JR., PE | |
| Third Party Defendant | |

Third Party Defendant, James Maccariella, Jr., PE, by way of answer to the Third Party Complaint hereby says:

1. Denied.

2. Denied.

3. This paragraph references the allegations in the Third Party Complaint which speaks for themselves. To the extent this paragraph attempts to aver facts contrary to those set forth in the Third Party Complaint, they are denied.

4. Denied.

5. Denied.

6. Denied.

## PARTIES

7. Admit.

8. This third party defendant is without sufficient knowledge or information in its possession to admit or deny the allegations contained in this paragraph and, accordingly, leaves the Third Party plaintiffs to their proofs.

9. Admit.

## JURISDICTION AND VENUE

10. This third party defendant is without sufficient knowledge or information in its possession to admit or deny the allegations contained in this paragraph and, accordingly, leaves the third party plaintiffs to their proofs.

11. This third party defendant is without sufficient knowledge or information in its possession to admit or deny the allegations contained in this paragraph and, accordingly, leaves the third party plaintiffs to their proofs.

12. Admit.

13. Admit that this third party defendant resides in the State of New Jersey and transacts business in the State of New Jersey; denied that this third party defendant has caused harm or tortious injury to any party in this matter.

## COUNT ONE

14. This third party defendant hereby repeats and incorporates by reference its responses to the above paragraphs as if set forth at length herein.

15. Denied.

16. This paragraph references the answer filed on behalf of the third party plaintiffs which speaks for itself. To the extent this paragraph attempts to aver facts contrary to those set forth in the answer, they are denied.

17. This paragraph does not contain allegations of fact but conclusions of law. Accordingly, no response is required. To the extent that this paragraph is construed to contain allegations of fact pertaining to this third party defendant, they are denied.

18. This paragraph does not contain allegations of fact but conclusions of law. Accordingly, no response is required. To the extent that this paragraph is construed to contain allegations of fact pertaining to this third party defendant, they are denied.

WHEREFORE, third party defendant, James Maccariella, Jr., PE, hereby demands that the Third Party Complaint be dismissed with prejudice and that the Court award attorneys fees, cost of suit, and any other relief which the Court deems equitable and just.

## COUNT TWO

19. This third party defendant hereby repeats and incorporates by reference its responses to the above paragraphs as if set forth at length herein.

20. Denied.

21. This paragraph references the answer filed on behalf of the third party plaintiffs which speaks for itself. To the extent this paragraph attempts to aver facts contrary to those set forth in the answer, they are denied.

22. This paragraph references the answer filed on behalf of the third party plaintiffs which speaks for itself. To the extent this paragraph attempts to aver facts contrary to those set forth in the answer, they are denied.

23. This paragraph references the answer filed on behalf of the third party plaintiffs which speaks for itself. To the extent this paragraph attempts to aver facts contrary to those set forth in the answer, they are denied.

WHEREFORE, third party defendant, James Maccariella, Jr., PE, hereby demands that the third party complaint be dismissed with prejudice and that the Court award attorneys fees, cost of suit, and any other relief which the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

1. At the time and place mentioned in the Third Party Complaint, this defendant was not guilty of any negligence, which was the proximate cause of the alleged damages.

2. At the time and place mentioned in the Third Party Complaint, this third party defendant violated no legal duty owing to the third party plaintiff.

3. At the time and place mentioned in the third party complaint, the third party plaintiff was guilty of the sole negligence, which was the proximate cause of the damages asserted.

4. At the time and place mentioned in the Third Party Complaint, the third party plaintiff was guilty of contributory negligence.

5. At the time and place mentioned in the Complaint/Third Party Complaint, the parties were guilty of comparative negligence of a greater degree than the negligence of this third party defendant which negligence is denied.

6. The alleged damages sustained by the plaintiff/third party plaintiff are the proximate result of acts and/or omissions of parties over whom this third party defendant exercised no control.

7.  The Third Party Complaint fails to state a claim upon which relief can be granted as to this third party defendant and this third party defendant reserves the right to dismiss the Third Party Complaint for failure to state a claim upon which relief can be granted

8.  The Court lacks jurisdiction over the person of this third party defendant by reason of insufficiency of process and/or of service and, therefore, this third party defendant reserves the right to move at or before trial for a dismissal of the Third Party Complaint.

9.  This third party defendant did not breach a contract.

10. The third party plaintiffs' allegations of negligence and/or claim for contribution are barred by the Economic Loss Doctrine.

11. The third party plaintiffs' claims are barred by the principals of *res judicata*, Collateral Estoppel, and/or the Entire Controversy Doctrine.

12. The third party plaintiffs have failed to sufficiently allege diversity jurisdiction pursuant to 28 USC §1332, as the third party plaintiffs' claimed damages fall short of the $75,000.00 threshold.

13. The Third Party Complaint is subject to and fails to comply with the Affidavit of Merit Statute codified at N.J.S.A. 2A:53A-27, *et seq*.

14. The third party plaintiff is barred from bringing its claims by reason of the Doctrine of Waiver, Estoppel and/or Laches.

15. The claims set forth in the Third Party Complaint are barred by the applicable Statute of Limitations.

16. The third party plaintiff has failed to join a party without whom this matter cannot proceed.

17. Any and all injuries and damages sustained by plaintiff/third party plaintiff were the result of the acts or omissions of third parties over whom this third party defendant had no control.

18. Recovery on the claims set forth in the Complaint/Third Party Complaint is diminished or barred by the failure of the parties to mitigate their damages.

### RESERVATIONS OF DEFENSES AND OBJECTIONS

This third party defendant hereby reserves the right to interpose such other defenses and objections as a continuing investigation may disclose.

**WHEREFORE**, third party defendant, James Maccariella, Jr., PE, prays that the Court:

1. Dismiss the Third Party Complaint with prejudice;
2. Award to this third party defendant its cost of suit;
3. Award to this third party defendant such further relief as the Court deems just and proper.

### JURY DEMAND

Third party defendant demands a trial by jury as to all issues so triable.

    **MARSHALL DENNEHEY**
    Attorney for Third Party Defendant, James Maccariella, Jr., PE

    *William F. Waldron, Jr.*
By:_____
    William F. Waldron, Jr., Esq.

Dated: August 27, 2025

### LOCAL CIVIL RULE 11.2 CERTIFICATION

I certify that there are no other proceedings either pending or contemplated with respect to the matter in controversy and no other parties known who should be joined in this action.

    **MARSHALL DENNEHEY**
    Attorney for Third Party Defendant, James Maccariella, Jr., PE

    *William F. Waldron, Jr.*
By:_____
    William F. Waldron, Jr., Esq.

Dated: August 27, 2025

LEGAL/171096054.1