IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRENDAN W. BUTLER and SARAH K. BUTLER h/w | : : : : | Civil Action |
| Plaintiffs, | : : | No.: 24-cv-07733-RMB-SAK |
| v. | : : | |
| WILLIAM MCFETRIDGE; DANIEL R. WHITE; DANIEL R. WHITE REALTORS LLC; BOROUGH OF HADDON HEIGHTS; BROOKS CASS AND KRISTEN CASS | : : : : : : : | |
| Defendants. | : : | **CERTIFICATION OF DIANA R. SEVER, ESQUIRE IN SUPPORT OF NOTICE OF MOTION TO BE RELIEVED AS COUNSEL** |
| And | : : | |
| BROOKS CASS AND KRISTEN CASS | : : | |
| Defendants/Third Party Plaintiffs | : : | |
| v. | : : | |
| ARTISTIC POOLS CORPORATION and JAMES MACCARIELLA, JR., P.E. | : : : | |
| Third Party Defendants | : | |

I, Diana R. Sever, of full age, do hereby certify as follows:

1. I am an attorney-at-law in the law firm of Posternock Apell, P.C. (Firm), attorneys for William McFetridge and am personally responsible for the handling of this file.

2. William McFetridge retained this Firm in May 2021 upon execution of a fee agreement for services with required retainer payment (Fee Agreement).

3. The terms of the Fee Agreement require Mr. McFetridge to make timely payments on his account and to fully cooperate with the Firm towards the common goal of his effective defense.

4. Since that time, this Firm has actively participated in William McFetridge's defense, including but not limited to: filing and service of pleadings; propounding written discovery to, and answering written discovery from, parties to this multi-party Lawsuit; participating in Scheduling Conferences; and communicating between and among counsel to facilitate a realistic discovery schedule in recognition of the many attorneys and parties involved.

5. Our ability to communicate with William McFetridge has proven challenging at times and is characterized by Mr. McFetridge being unreachable for weeks (or months) at a time, after which Mr. McFetridge re-initiates contact for purposes of his defense.

**Absence of Client Communication**

6. After many failed attempts to communicate with him over the course of two months, the Firm was able to schedule Mr. McFetridge for an in-person, in-depth meeting in our offices on June 5, 2025.

7. At the conclusion of this meeting, Mr. McFetridge agreed to make monthly payments on the 1st of each month to bring his then-substantial overdue bill current as outlined in the Fee Agreement.

8. At the conclusion of this meeting, we also reminded Mr. McFetridge that his timely communication with, and timely response to inquiries from, our Firm are essential to our ability to effectively represent him in this Lawsuit.

9. By letter dated June 11, 2025 sent via email and regular mail, we reminded Mr. McFetridge of the import of matters discussed at our June 5, 2025 client meeting.

10. By email dated June 18, 2025, my office again followed up with Mr. McFetridge regarding our June 5, 2025 conference, stressing that timely communication with, and timely

response to inquiries from, our Firm is essential to our ability to effectively represent him in this Lawsuit. We received no reply to this letter.

11. By letter dated July 9, 2025, we mailed and emailed Mr. McFetridge in further follow-up to our June 5, 2025 conference, stressing that timely communication with, and timely response to inquiries from, our Firm is essential to our ability to effectively represent him in this Lawsuit. We received no reply.

12. By letter dated July 18, 2025, we mailed and emailed Mr. McFetridge both by way of follow-up to our June 5, 2025 client meeting, and to convey Plaintiffs' settlement demand.

13. By email reply the same day, Mr. McFetridge acknowledged receipt of our email only.

14. On July 21, 2025, our office emailed Mr. McFetridge in follow-up to our June 5, 2025 conference, to which we received no reply.

15. By letter dated August 4, 2025, we mailed and emailed Mr. McFetridge in further follow-up to our June 5, 2025 conference, stressing that timely communication with, and timely response to inquiries from, our Firm is essential to our ability to effectively represent him in this Lawsuit. We received no reply.

16. We last communicated on August 20, 2025, at which time we advised Mr. McFetridge to advise that, having heard nothing from him in months following our conference, we would be unable to defend him if he did communicate with the Firm, provide payment to the Firm, and/or respond to Firm inquiries essential to his defense.

17. As of the date of this Certification, we have received no further communication from Mr. McFetridge.

18. As of the date of this Certification, Mr. McFetridge has made no payments towards his outstanding account.

19. At present, depositions are tentatively scheduled for Plaintiffs on September 23, 2025 and Mr. McFetridge's on September 24, 2025.

20. We have been unable to reach Mr. McFetridge to prepare for depositions and to discuss his defense in this matter. Since our June 5, 2025 client conference, which the Firm initiated because of ongoing communication difficulties, and despite our numerous letters and emails as outlined above, we have heard nothing from Mr. McFetridge but for his July 18, 2025 email which did not address the issues at hand.

21. To date, Mr. McFetridge has not responded to any of my office's mail or emails to him, save the July 18, 2025 email, to which we replied and we have received no additional reply or payment(s).

22. Our ability to properly defend Mr. McFetridge is impaired by the communication problems outlined above and respectfully constitute good cause for this application.

### **Financial Burden on the Firm**

23. The fee agreement between Mr. McFetridge and this Firm requires payment on an hourly basis, not contingency. Mr. McFetridge is billed monthly.

24. During the representation, Mr. McFetridge has made payments to the Firm but not always in the full amount of monies owed and not always in accord with minimal trust amount requirements provided for under the Fee Agreement.

25. Mr. McFetridge has not made any payments to reimburse or compensate the Firm for any of the costs or fees associated with this case since June 5, 2025.

26. Substantial attorney time will be required in the comings months as a) party depositions (at last count there are 9 parties); (b) fact witness depositions (estimated to include at a minimum 4 neighboring homeowners); (c) expert discovery; (d) motion practice and d) trial are still to come.

27. To date, Mr. McFetridge has failed to satisfy the substantial and long-standing balance owed to our office, and our continued representation is no longer possible, as the unpaid balance constitutes an unreasonable financial burden upon this office.

28. Mr. McFetridge has not complied with the terms and conditions of our retention and, therefore, I am respectfully requesting that the Court issue an Order relieving the undersigned and the law firm of Posternock Apell, PC as counsel for the Defendant.

## Rule of Professional Conduct 1.16

29. RPC 1.16(b)(5) provides in pertinent part that "a lawyer may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyers services and has been given unreasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

30. RPC 1.16(b)(6) provides that "a lawyer may withdraw from representing a client if . .the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."

31. RPC 1.16(b)(7) provides that a lawyer may withdraw from representing a client if good cause for the withdrawal exists.

32. Mr. McFetridge's lack of communication and lack of cooperation with our repeated attempts to meet or speak with him over the last months has made it impossible for this Firm to adequately represent him in this matter.

33. Mr. McFetridge's lack of cooperation regarding the timely payment of his legal bills, which bills will only increase once a trial date is set (there is none yet), will result in an unreasonable financial burden on this Firm, especially where as here the outstanding balance is already substantial.

34. On this point, consideration of the financial burden on the lawyer is independent from the other considerations contained in RPC 1.16, including the consideration of "material adverse effect on the interest of the client" as contained in RPC 1.16(b). See Smith v. R.J. Reynolds Tobacco Co., 267 N.J. Super. 62, 80 (App. Div. 1993) ("[w]e cannot forget that the literal wording of our Rule permits withdrawal on the basis of an 'unreasonable financial burden' independent of 'material adverse effect on the interests of the client'").

35. For these reasons, it is respectfully submitted that the Firm otherwise demonstrates good cause to permit my and my Firm's withdrawal as attorney for Willam McFetridge.

36. Based on the foregoing, I ask the Court permit me and my Firm to withdraw as counsel for Mr. Willam McFetridge, pursuant to RPC 1.16

I certify that the foregoing statements are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: September 11, 2025        /s/ Diana R. Sever
                                 Diana R. Sever, Esquire
                                 Posternock Apell, P.C.
                                 Attorneys for Defendant Willam McFetridge