# Exhibit "D"

BARKER PATTERSON NICHOLS, LLP
Gregg D. Weinstock, Esq. (Federal # 8078 )
1200 MacArthur Blvd, Suite 202
Mahwah, NJ 07430
*Attorneys for Third-Party Defendant Artistic Pools Corporation.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDAN W. BUTLER and :<br>SARAH K. BUTLER, h/w,<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM McFETRIDGE, DANIEL R. WHITE, :<br>DANIEL R. WHITE REALTORS LLC, :<br>BOROUGH OF HADDON HEIGHTS, BROOKS :<br>CASS and KRISTEN CASS;<br><br>Defendants.<br><br>BROOKS CASS and KRISTEN CASS,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ARTISTIC POOLS CORPORATION and :<br>JAMES MACCARIELLA, Jr., PE<br><br>Third-Party Defendants. | Civil Action No. 1:24-cv-07733-RMB-SAK<br><br>**ANSWER TO THIRD-PARTY COMPLAINT AND SEPARATE DEFENSES; DEMAND FOR EXPERT REPORTS; CROSSCLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT; CROSSCLAIM FOR INDEMNIFICATION; ANSWER TO CROSSCLAIMS; DEMAND FOR TRIAL BY JURY; DESIGNATION OF TRIAL COUNSEL; REQUEST FOR STATEMENT OF DAMAGES** |

Third-Party Defendant ARTISTIC POOLS CORPORATION ("Answering Defendant"), by its attorneys, BARKER PATTERSON NICHOLS, LLP, by way of an Answer to Third-Party Plaintiffs' BROOKS CASS and KRISTEN CASS (collectively herein as "CASS"), Third Party Complaint against Third Party Defendant, Artistic Pools Corporation, alleges as follows:

1. Answering Defendant denies each and every allegation contained in this paragraph of the Third-Party Complaint and refers all questions of law to the Court.

2. Answering Defendant has insufficient knowledge or information at this time upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves Third-Party Plaintiffs to their proofs. The allegations contained in this paragraph are not directed against the Answering Defendant and therefore no answer is given except to deny any such allegations that may be deemed to be directed against the Answering Defendant.

3. Answering Defendant denies each and every allegation contained in this paragraph of the Third-Party Complaint.

4. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "4."

5. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "5," and refers all questions of law to the Court.

6. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "6," and refers all questions of law to the Court.

**PARTIES**

7. Answering Defendant has insufficient knowledge or information at this time upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves Third-Party Plaintiffs to their proofs. The allegations contained in this paragraph are not directed against the Answering Defendant and therefore no answer is given except to deny any such allegations that may be deemed to be directed against the Answering Defendant.

8. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "8" in the form alleged.

9. Answering Defendant has insufficient knowledge or information at this time upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves Third-Party Plaintiffs to their proofs. The allegations contained in this paragraph are not directed against the Answering Defendant and therefore no answer is given except to deny any such allegations that may be deemed to be directed against the Answering Defendant.

**JURISDICITION AND VENUE**

10. Answering Defendant denies each and every allegation contained in this paragraph of the Third-Party Complaint and refers all questions of law to the Court.

11. Answering Defendant denies each and every allegation contained in this paragraph of the Third-Party Complaint and refers all questions of law to the Court.

12. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "12" in the form alleged and refers all questions of law to the Court.

13. Answering Defendant denies each and every allegation contained in this paragraph of the Third-Party Complaint and refers all questions of law to the Court.

**COUNT 1**
**(Indemnification)**
**(By Cass against all Third-Party Defendants)**

14. The answers to the preceding paragraphs and Counts of the Complaint are repeated and made a part hereof, as though fully set forth at length herein.

3

15. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "15," and refers questions of law to the Court.

16. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "16," and refers questions of law to the Court.

17. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "17," and refers questions of law to the Court.

18. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "18," and refers questions of law to the Court.

**COUNT 2**
**(Contribution)**
**(By Cass against all Third-Party Defendants)**

19. The answers to the preceding paragraphs and Counts of the Complaint are repeated and made a part hereof, as though fully set forth at length herein.

20. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "20," and refers questions of law to the Court.

21. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "21".

22. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "22," and refers questions of law to the Court.

23. Answering Defendant denies each and every allegation contained in the paragraph of the Third-Party Complaint marked and designated "23," and refers questions of law to the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Answering Defendant denies that Third-Party Plaintiffs are entitled to any of the relief requested in the "**WHEREFORE**" clauses alleged within its Third-Party Complaint, and respectfully requests that the Court dismiss the Third-Party Complaint in its entirety and enter judgment in its favor of Answering Defendant and against Third-Party Plaintiffs

## FIRST SEPARATE DEFENSE

Answering Defendant is guilty of no negligence which was the proximate cause of the injuries alleged.

## SECOND SEPARATE DEFENSE

Answering Defendant performed each and every duty and obligation owed to the Third-Party Plaintiffs.

## THIRD SEPARATE DEFENSE

Any injuries sustained by the Third-Party Plaintiffs are the result of the negligence and/or contributory negligence of the Third-Party Plaintiffs.

### FOURTH SEPARATE DEFENSE

Third-Party Plaintiffs are barred from recovery by contributory negligence, which negligence was greater than that of Answering Defendant.

### FIFTH SEPARATE DEFENSE

Third-Party Plaintiffs' claims against the Answering Defendant are eliminated and/or reduced by the applicable provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

### SIXTH SEPARATE DEFENSE

Third-Party Plaintiffs' claims are barred by the Entire Controversy Doctrine.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, Third-Party Plaintiffs' claims are barred, in whole or in part, based upon the doctrines of accord and satisfaction, release, waiver, and estoppel.

### EIGHTH SEPARATE DEFENSE

Any injuries or damages which Third-Party Plaintiffs may have sustained were due to the act or acts of a third person or persons over whom Answering Defendant had no control.

### NINTH SEPARATE DEFENSE

To the extent that it may be applicable, the plaintiff's Complaint, plaintiff's Amended Complaint, and Third-Party Complaint is barred by the applicable Statute of Limitations.

### TENTH SEPARATE DEFENSE

The Plaintiff's Compliant, and the Third-Party Complaint fails to state a cause of action upon which relief can be granted.

**ELEVENTH SEPARATE DEFENSE**

The Court lacks subject matter jurisdiction over the Answering Defendants of the subject matter of the alleged causes of action set forth in the Third-Party Plaintiffs Complaint.

**TWELFTH SEPARATE DEFENSE**

The Third-Party Complaint should be dismissed due to insufficient and untimely service of process.

**THIRTEENTH SEPARATE DEFENSE**

This matter is barred by the provisions of the Bankruptcy Code, 11 U.S.C. Section 1, et seq., as well as the Doctrine of Judicial Estoppel and/or Res Judicata.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiffs and Third-Party Plaintiffs failed to mitigate damages or otherwise act to reduce damages.

**FIFTEENTH SEPARATE DEFENSE**

Answering Defendant at no time acted in an unlawful manner in connection with any decision regarding Third-Party Plaintiffs.

**SIXTEENTH SEPARATE DEFENSE**

Plaintiffs' and Third-Party Plaintiffs' claims and damages are barred because any damages incurred were a direct result of its own acts and/or omissions.

**SEVENTEENTH SEPARATE DEFENSE**

Third-Party Plaintiffs have not satisfied NJSA 39:6A-8 and does not have the right to sue.

**EIGHTEENTH SEPARATE DEFENSE**

Plaintiffs and Third-Party Plaintiffs are not entitled to recover those sums paid by a collateral source.

**NINETEENTH SEPARATE DEFENSE**

Answering Defendant is guilty of no negligence which was the proximate cause of the injuries alleged.

**TWENTIETH SEPARATE DEFENSE**

Answering defendants breached no statutory and/or common law duty to the Third-Party Plaintiffs.

**TWENTY-FIRST SEPARATE DEFENSE**

Third-Party Plaintiffs failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damages.

**TWENTY-SECOND SEPARATE DEFENSE**

Upon information and belief, Third-Party Plaintiffs' claims are barred, in whole or in part, because of undue hardship.

**TWENTY-THIRD SEPARATE DEFENSE**

Third-Party Plaintiffs lacks standing to bring the instant action against Answering Defendants.

**TWENTY-FOURTH SEPARATE DEFENSE**

Answering Defendant did not owe a duty to the Third-Party Plaintiffs.

**TWENTY-FIFTH SEPARATE DEFENSE**

The sole and proximate cause of the damages or loss allegedly sustained by the Third-Party Plaintiffs were caused by persons over whom this defendant had no control.

**TWENTY-SIXTH SEPARATE DEFENSE**

Third-Party Plaintiffs' claims and damages are barred because any damages incurred were a direct result of their own acts and/or omissions and/or the acts and omissions of their agents, servants, and assigns and/or master and/or principal.

**TWENTY-SEVENTH SEPARATE DEFENSE**

The damages if any of the Third-Party Plaintiffs were limited by the doctrine of avoidable consequences.

**TWENTY-EIGHTH SEPARATE DEFENSE**

Third-Party Plaintiffs' claims are barred under the doctrines of waiver, unclean hands, and/or Laches

**TWENTY-NINTH SEPARATE DEFENSE**

Answering Defendant is not subject to personal jurisdiction in the State of New Jersey, and in this case. The New Jersey Courts cannot exercise general and/or specific jurisdiction over Answering defendant and therefore there is lack of personal jurisdiction over Answering defendant in the state of New Jersey. At the appropriate time the defendant will move the Court to dismiss the complaint.

**THIRTIETH SEPARATE DEFENSE**

Third-Party Plaintiffs claims are barred due to lack of specificity in the terms of the agreement.

**THIRTY-FIRST SEPARATE DEFENSE**

Third-Party Plaintiffs are not entitled to an award of prejudgment interest if she prevails in whole or in part.

9

## THIRTY-SECOND SEPARATE DEFENSE

Answering Defendant's conduct and action were reasonable and within the scope of the law.

## THIRTY-THIRD SEPARATE DEFENSE

Third-Party Plaintiffs' claims are barred due to failure to fulfill a contingent obligation in the terms of the agreement.

## THIRTY-FOURTH SEPARATE DEFENSE

Third-Party Plaintiffs' claims are barred by the doctrines of release, waiver, discharge, and/or abandonment.

## THIRTY-FIFTH SEPARATE DEFENSE

That this action is barred by the doctrine of forum non conveniens.

## THIRTY-SIXTH SEPARATE DEFENSE

Third-Party Plaintiffs has failed to join necessary and indispensable parties to the instant action.

## THIRTY-SEVENTH SEPARATE DEFENSE

The matter is barred pursuant to the doctrines of Res Judicata and Collateral Estoppel.

## THIRTY-EIGHTH SEPARATE DEFENSE

The venue of this action is improper, and Answering Defendant reserves the right to move for transfer.

## THIRTY-NINTH SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and caused beyond the control or fault of Answering Defendant.

Answering Defendant reserves the right to assert such other defenses to the Third-Party Complaint as are available to them under the common law and as may be made apparent from discovery, or even at the time of trial, in this matter.

## DEMAND FOR EXPERT REPORTS

Answering Defendant demands, pursuant to R. 4:10-2(d)(1), that within thirty (30) days from the date hereof, Third-Party Plaintiffs will furnish a written report(s) from his expert stating the substance of the facts and opinions to which said experts are expected to testify with regard to Third-Party Plaintiffs' allegations directed against the Answering Defendant. Otherwise, the Answering Defendant will object to any expert at the time of trial.

## CROSS-CLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT

Answering Defendant alleges and says:

While denying any liability to Third-Party Plaintiff on the Third-Party Complaint, and on information and belief asserting that there is no basis for liability as to the other defendants, the Answering Defendant nevertheless asserts a claim for contribution from co-defendants pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53A, or, in the alternative, contend that in the event the proofs developed in discovery or at trial establish a basis for liability on the part of any other defendant and such defendant or defendants enter into a settlement agreement, in whole or in part, with the Third-Party Plaintiff, then the Answering Defendant asserts a claim for credit reducing the amount of any judgment in favor of the Plaintiff and against it to reflect the degree of fault allocated to the settling defendant or defendants pursuant to the decision in Young vs. Latta, 123 N.J. 583 (1991).

## CROSS-CLAIM FOR INDEMNIFICATION

Answering Defendant avers that it is free from fault, but if Answering Defendant is held liable to the Third-Party Plaintiff for the causes of action stated within the Third-Party Complaint, such liability will be vicarious in that it is merely constructive, technical, imputed, or contractual, and under those circumstances the Answering Defendant will be entitled to common law indemnity and/or contractual indemnity from co-defendants.

## ANSWER TO CROSSCLAIMS

Answering Defendant denies each and every allegation of any and all cross-claims which have been or may be asserted against Answering Defendant.

## REQUEST FOR ALLOCATION PURSUANT TO R. 4:7-5 (C)

Pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 194 (1991), Answering Defendant hereby advises that if any co-defendants settle the within matter prior to conclusion of trial, the liability of any settling co-defendants shall remain in issue and Answering Defendant shall seek an allocation of percentage of negligence by the finder of fact against such settling co-defendant and/or a credit in favor of Answering Defendant consistent with such allocation.

## DEMAND FOR TRIAL BY JURY

Answering Defendant hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO RULE 4:25-4

Please be advised that Gregg Weinstock, Esq., of Barker Patterson Nichols, LLP, has been designated as trial counsel for the Answering Defendant in the above entitled litigation.

## REQUEST FOR STATEMENT OF DAMAGES

TAKE NOTICE that pursuant to R. 4:5-2, the party filing this Answer requires that you, within five days, furnish them with a statement of damages claimed.

## CERTIFICATION PURSUANT TO R. 1:5-1(a) and 4:17-4(c)

TAKE NOTICE, that the undersigned attorney, counsel for the Answering Defendant, hereby demands, pursuant to R. 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney, and TAKE NOTICE that it is a continuing demand.

## CERTIFICATION PURSUANT TO R. 4:5-1

Answering Defendant hereby certifies that the matter in controversy is not the subject of any other action pending in any Court and is likewise not the subject of any pending arbitration proceeding. Answering Defendant further certifies that they have no knowledge of any action or arbitration proceeding which is contemplated regarding the subject matter of this action and are not aware of any other parties who should be joined in this action.

It is hereby certified that a copy of the within Answer was served within the time prescribed by R. 4:6-1.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Mahwah, New Jersey
August 15, 2025

BARKER PATTERSON NICHOLS, LLP
By *Gregg Weinstock Esq.*
Gregg Weinstock, Esq.

## CERTIFICATION OF SERVICE

I hereby certify that on August 15, 2025, I served a true and correct copy of the foregoing **ANSWER TO THIRD-PARTY COMPLAINT AND SEPARATE DEFENSES, DEMAND FOR EXPERT REPORTS; CROSSCLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT; CROSSCLAIM FOR INDEMNIFICATION; ANSWER TO CROSSCLAIMS; REQUEST FOR ALLOCATION; DEMAND FOR TRIAL BY JURY; DESIGNATION OF TRIAL COUNSEL; REQUEST FOR STATEMENT OF DAMAGES** upon the Clerks Office, United States District Court of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101 via ECF, and upon all counsel of record via ECF.

Dated: Mahwah, New Jersey
August 15, 2025

*Gregg Weinstock Esq.*
Gregg Weinstock, Esq.