# FARBER BROCKS & ZANE L.L.P.
ATTORNEYS AT LAW

226 ST. PAUL STREET · WESTFIELD, NEW JERSEY 07090
TEL. (908) 789-0507 · FAX (516) 739-5103
www.fbzlaw.com

DAVID J. BLOCH
OF COUNSEL
dbloch@fbzlaw.com

○ NEW YORK
○ NEW JERSEY
○ CONNECTICUT
○ FLORIDA

(REPLY TO GARDEN CITY, NY ONLY)

February 5, 2026

**<u>VIA ECF</u>**
Honorable Renee Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   Re: *Butler, et. al. v. Borough of Haddon Heights, et. al.*
      Civil Action No. : 1:24-cv-07733-RMB-SAK
      Our File No.  : 662-14499

Dear Judge Bumb:

  We represent defendants/third-party plaintiffs Brooks Cass and Kristen Cass (collectively "Cass") in the above action. We write in response to third-party defendant/fourth-party plaintiff, Artistic Pools Corporation ("Artistic Pools") request for a pre-trial conference to address Artistic's application to have the third-party Complaint dismissed to be resolved through arbitration and to stay the District Court action pending arbitration.

  Initially, we apologize for the failure to timely respond pursuant to Rule 1.A of the Individual Rules. This was, frankly, an oversight by the undersigned and we apologize to all counsel and Your Honor for any inconvenience. We would request that Your Honor accept the following to address this issue on the merits.

  The arbitration provision at issue provides, in part, that "any controversy… between the parties with respect to any matter arising out of, or relating to this contract, the formation or availability thereof, performance thereunder or the breach thereof… said controversy shall be decided by arbitration…. ". This language is ambiguous and does not adequately advise the consumer that this constitutes a waiver of the right to seek relief in Court. Accordingly, it is submitted that Artistic's request should be denied and this matter should proceed in this Court.

{01628300.DOCX /}

In the first instance, it is submitted that the language is, at best, ambiguous. In applying New Jersey contract law jurisprudence, the arbitration provision herein was drafted by Artistic and, as such, because the language is ambiguous, it is to be interpreted in favor of the non-drafting party. *Chubb v. Prudential*, 195 N.J. 231 (2008). An ambiguity exists if terms are "susceptible to at least two reasonable alternative interpretations". *Id* at 238. And, where the contract was between two parties of unequal bargaining power, a court will generally "adopt the meaning that is most favorable to the non-drafting party". *Id.*

The language clearly relates to disputes between Artistic and its client, in this case, Mr. Cass, and concerns controversies between those parties relating to the contract. The language does not extend to claims brought against Mr. Cass from third-parties for which Mr. Cass seeks contribution and indemnification. Indeed, if Artistic – which prepared this contract – desired for the language to extend to that length, it was the obligation of Artistic to state so in the contract. While the Federal Arbitration Act ("FAA") liberally enforces arbitration agreements, a party cannot be forced to arbitrate unless the written agreement to arbitrate covers the dispute. *See e.g.*, *U.S. Small Business v. Chimicles*, 447 F.3d 207 (3d. Cir. 2006); see also *Hirsch v. Amper Financial Services*, 215 N.J. 174 (2013)(preference for arbitration "is not without limits").

In *Hirsch*, the Court explained that "state contract-law principles" are to be applied to determine "whether a valid agreement to arbitrate exists". *Hirsch*, 215 N.J. at 187. First, the Court must address "arbitrability", which involves an evaluation of the "contractual terms, the surrounding circumstances, and the purposes of the contract". *Id. quoting Marchak v. Claridge Commons*, 134 N.J. 275 (1993). Upon such a finding. The Court must then evaluate whether the claims at issue fall within the scope of the clause. *Id.*

In the matter at bar, this lawsuit was brought against, *inter alia*, Brooks Cass *and* Kristen Cass and it is both Brooks Cass and Kristen Cass that have filed this third-party action against Artistic. Kristen Cass is not a signatory to the contract between Artistic Pools Corporation and Brooks Cass and, therefore, even if there was a valid arbitration provision, same would not bound Kristen Cass.

Additionally, the arbitration provision fails insofar as the language does not advise the consumer that it is waiving its right to seek redress in a Court. In *Kernahan v. Home Warranty Administrator of Florida*, 236 N.J. 301 (2019), the Court explained that, in determining whether to enforce an arbitration agreement, like any other contract, there must be a determination as to whether the agreement to arbitrate all, or any portion of, a dispute, was "the product of mutual assent, as determined under customary principles of contract law." *Id.* at 319, *quoting Atalese v. U.S. Legal Services Group, L.P.*, 219 N.J. 430, 442 (2014). In *Atalese*, a consumer contracted with U.S. Legal Services to provide debt-adjustment service. *Id.* at 435. The contract contained an arbitration for any dispute between the parties *but did not mention that plaintiff waived her rights to seek relief in Court*. *Id.* (emphasis added). The Supreme Court held that "the absence of any language in the arbitration provision" that plaintiff was waiving her right to seek relief in Court rendered the provision unenforceable. *Id.* at 436. The arbitration provision in *Atalese*, similar to the provision herein, provides that "[i]n the event of any claim or dispute… related to this Agreement or related to any performance of any services related to this Agreement, the claim or

{01628300.DOCX /}

dispute shall be submitted to binding Arbitration…". *Id.* at 437. In the matter at bar, the provision provides that "[i]f at any time, any controversy shall arise… with respect to any matter arising out of, or relating to this contract, the formation or availability thereof, performance thereunder or the breach thereof… said controversy shall be decided by arbitration…". The language used is functionally equivalent.

In addressing mutual consent, the Court explained that an agreement to arbitrate involves waiver of the right to litigate in Court and that an "average member of the public may not know – without some explanatory comment – that arbitration is a substitute for the right to have one's claim adjudicated in a court of law". *Id.* at 442. The Court further stated that when a contract involves a waiver of rights, that waiver must be "clearly and unmistakenly established". *Id.* at 444. Although warning that no specific language is required, the Court pointed that, in other cases, contracts clearly have provided necessary language to advise consumers that they were waiving the right to sue. *Id.* at 445. In turning to the language of the provision before it, the Court in *Atalese* pointed out that "[n]owhere in the arbitration clause is there any explanation that plaintiff is waiving her right to seek relief in court for breach of her statutory rights." *Id.* at 446. And, "the clause, at least in some general and sufficiently broad way, must explain that the plaintiff is giving up her right to bring her claims in court or have a jury resolve the dispute." *Id.* at 447.[1]

The same result is warranted herein. The arbitration provision, like in *Atalase*, fails to provide any explanation that Mr. Cass was waiving his right to seek relief in Court. Accordingly, the arbitration provision and the third-party action should not be ordered to proceed in arbitration.

Thank you for your consideration.

Respectfully submitted,

*s/David J. Bloch*

DAVID J. BLOCH (DB 8204)

DJB:jh
cc: all counsel of record

---

[1] The only New Jersey state or federal case cited to by counsel that was decided after *Atalese* is *Williams-Hopkins v. LVNV Funding*, 2019 WL 1873155 (App. Div., April 26, 2019). Significantly, in *Williams-Hopkins*, the arbitration provision "expressly provided" that neither party has "the right to litigate any claim in court or have a jury trial on that claim", thus supporting our position on this issue.

{01628300.DOCX /}