# FARBER BROCKS & ZANE L.L.P.
ATTORNEYS AT LAW

226 ST. PAUL STREET · WESTFIELD, NEW JERSEY 07090
TEL. (908) 789-0507 · FAX (516) 739-5103
www.fbzlaw.com

DAVID J. BLOCH　　　　　　　　　　　　　　　　　　　　　　　　　　○ NEW YORK
OF COUNSEL　　　　　　　　　　　　　　　　　　　　　　　　　　　　○ NEW JERSEY
dbloch@fbzlaw.com　　　　　　　　　　　　　　　　　　　　　　　　　○ CONNECTICUT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　○ FLORIDA

(REPLY TO GARDEN CITY, NY ONLY)

March 5, 2026

**VIA ECF**
The Honorable Renee Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

　　　　Re:　*Butler, et. al. v. Borough of Haddon Heights, et. al.*
　　　　　　Civil Action No.　　:　　1:24-cv-07733-RMB-SAK
　　　　　　Our File No.　　　 :　　662-14499

Dear Chief Judge Bumb:

　　　We represent defendants/third-party plaintiffs Brooks Cass and Kristen Cass (collectively "Cass") in the above action. We write in response to Plaintiffs' correspondence that seeks to have Cass turn over technical data obtained on behalf of Cass that was, at all times, equally obtainable by Plaintiffs.

　　　Plaintiffs brought this action alleging, in part, that the installation of an in-ground pool on the Cass property altered topography causing Plaintiffs' property to be damaged. Shockingly, plaintiff's counsel now comes before this Court and concedes that they possess no engineering analysis or topographical data to support this claim. Instead, counsel wants Cass to provide the data – incurred at great expense – to allow Plaintiffs' expert to attempt to formulate or support a cause of action. As counsel notes, the topographical study was performed by Cass's experts in August 2025. This study was performed with full and complete notice to all parties and all parties had an equal and fair opportunity to appear with their experts to undertake and collect the necessary data to support any claims and defense that may exist. Other engineers were present during the site inspection. There is simply no reason why Plaintiffs could not have similarly performed its due diligence at that – or any other – time. Now, when asked by the Honorable Court to have their expert produce evidence to support the basis of the claim, plaintiffs effectively admit that no such analysis even exists. Simply put, if Plaintiffs cannot establish that the flow patterns cause water

{01639222.DOCX /}

{01639222.DOCX /}

to impact Plaintiffs' property because of the installation of an in-ground pool on the Cass property (an installation that was engineered, constructed and approved by the Borough), which counsel has conceded that they cannot, the claim lacks any legal or factual basis. In fact, respectfully, the institution of such a claim by plaintiffs, involving technical analysis at its foundation, without first having done the actual analysis, is in our opinion frivolous and a sanctionable Rule 11 violation. As Your Honor recognized, the time has long passed for Plaintiffs' expert to explain the why and wherefore of the opinions that underlie the claim being brought in this Court.

      Thank you for your consideration.

                      Respectfully,

                      *s/David J. Bloch*

                      DAVID J. BLOCH (DB 8204)

DJB:jh
cc: all counsel of record