LAW OFFICES



# WEIR LLP

A Pennsylvania Limited Liability Partnership

1300 Route 73, Suite 314
Mount Laurel, New Jersey 08054

WEIRLAWLLP.COM

**Jennifer Hiller Nimeroff**  Direct Dial (215) 241-7757
Member of PA and NJ Bars  E-mail: jhiller@weirlawllp.com

March 6, 2026

***Via CM/ECF***

Chief United States District Judge Renee Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re: Brendan W. Butler, et al. v. Borough of Haddon Heights, et al.
       Case No. 1:24-cv-07733

Dear Chief Judge Bumb:

  At the Court's request, Plaintiffs submit this response to the letter submitted to the Court on behalf of the Cass Defendants on March 5, 2026.

  To be perfectly clear, Plaintiffs are in possession of an engineering analysis and evidence to support a *prima facie* case that the flooding on the Plaintiffs' property is caused by the Cass's construction of the swimming pool on the Cass's property.[1] And, in addition to the engineering analysis (based upon the engineer's review of various documents pertaining to the pool construction, among other things, and photos, his interviews and site visits, etc.), one of the Cass's neighbors, whose identity was revealed in Plaintiffs' discovery responses, has observed and is willing to testify about the flooding impact that the swimming pool has had on the Plaintiffs' property.

  Plaintiffs' request for the topographical survey is to confirm the conclusions and observations that Plaintiffs' engineer has already made. The Court has expedited the deadline for Plaintiffs to circulate their engineer's expert report, and Plaintiffs are trying to be responsive to the Court and abide by the Court's deadlines. Plaintiffs would like to be in a position to provide the parties with a detailed and complete an engineering report as possible so that the settlement conference can be productive.

---

[1] This is not to say there are not other causes of the flooding on Plaintiffs' property.

Chief United States District Judge Renee Marie Bumb
March 6, 2026
Page 2

      Plaintiffs take exception with Cass's attorney's bold (and inaccurate) statements that Plaintiffs *concede* they "possess no engineering analysis" to support their claim, *concede* they cannot establish flow patterns, and *admit* that no engineering analysis exists. Contrary to these reckless declarations posing as fact, and at the risk of being repetitive, Plaintiffs' claims against the Casses are supported by an engineering analysis and the statements to the contrary appearing in the Cass Defendants' March 5th letter are simply without merit.

      Plaintiffs welcome the opportunity to share their expert's conclusions and possible approach to addressing the flooding on their Property. Plaintiffs, along with their neighbors, all cooperated with the Casses and allowed the Cass's surveyor to enter upon their properties to obtain data. Plaintiffs are simply asking that the topographical data be shared in advance of the March 17th deadline for Plaintiffs to serve their engineering expert's report.

      Respectfully submitted,

Jennifer Hiller Nimeroff

JHN/
cc:    All Counsel of Record (*via* CM/ECF)
       William McFetridge (*via* electronic mail)
       Mr. and Mrs. Bulter (*via* electronic mail)