John W. Barker *
Gary W. Patterson, Jr. * ●
Jeffrey R. Nichols * ●
Mamie Stathatos-Fulgieri *
Dylan Braverman *
Kiki Chrisomallides * ●
Scott A. Singer *
Gregg D. Weinstock * ●+¤
Adam S. Covitt *+
Megan A. Lawless * ●
Ralph Vincent Morales *

Kevin D. Porter *
Susan Vari *
Brian Andrews *
Jennifer Atchinson * ● Δ
Robert Boccio *
Dawn Bristol *
Gilbert H. Choi *
Joshua R. Cohen *
Tricia M. Criscito *
Brian DiPentima * ●
Charles K. Faillace *
Taryn M. Fitzgerald *

Danielle M. Hansen *
Anna Hock *
Thomas Jaffa *
Gemma Kenney * ●+
Douglas Langholz*
Timothy P. Lewis ¤
Jennifer M. Lobaito * ●
Rosemary E. Martinson* ●
Nicole E. Martone *
Neil Mascolo, Jr. *
Christian McCarthy * ●
Adonaid Medina * ●
Michael Milchan *
Joseph P. Muscarella *
Miles S. Reiner *
Bhalinder L. Rikhye *
Nicole C. Salerno * ●
Matthew Shindell ●Δ
Gonzalo Suarez *
Tammy A. Trees *
Karolina Wiaderna *¤
Arthur I. Yankowitz *+

Allen Alex †
Cielle Avena ●
Zachary Benoit *
Theresa A. Bohm *
Kelly Bronner *
Julia R. Bryant *
Stephen Mario Cardarelli *
Olivia R. Connor ¤
Patrick Duffy †
Raymond Farrell * ●
Jerica Gill *
Lauren P. Ingvoldstad†
Patrick La Rosa *
Robert Lobaito * ●
Rachel McGarry * ● Δ
Jocelyn Miller †
Jeremy Moldovan * ● Δ
Alexandra Nieto *
Kayla Nieves * ●
Declan O'Connor †
Gunjan Persaud *
Alesha N. Powell * ●+
Kevin Qu *
Christopher W. Rust *+
Aiden Ryder *
Nicole A. Wolfer *+
Brandon Wong *
Samuel Youssof ●Δ

*Of Counsel*
Danielle M. Barfield ¤
Angela R. Bonica * ●+
Roseann V. Driscoll *
Joseph D. Furlong *
John Katz *
Rani B. Kulkarni *
Daniel O'Connell * ●¤
Seema Palmerson *
Bonnie LS. Parente *
Carolyn Rankin *
Valerie L. Siragusa *
Thomas W. Willis *
Alexandra Zerrillo * ●+

* Admitted to Practice in NY
● Admitted to Practice in NJ
+ Admitted to Practice in CT
Δ Admitted to Practice in PA
¤ Admitted to Practice in FL
† Admission Pending



**Barker Patterson Nichols**

STATHATOS-FULGIERI, BRAVERMAN, CHRISOMALLIDES, SINGER,
WEINSTOCK, COVITT, LAWLESS, MORALES

May 14, 2026

**VIA PACER**
Honorable Renée Marie Bumb
Chief United States District Judge
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101
Courtroom: 3D

> Re: *BRENDAN W. BUTLER and SARAH K. BUTLER, h/w v. BROOKS CASS and KRISTEN CASS, et al. v. ARTISTIC POOLS CORPORATION and JAMES MACCARIELLA, Jr., PE*
> Case No.: 1:24-cv-07733-RMB-SAK
> BPN File No.: 0487-001

Dear Hon. Bumb and Hon. King:

The undersigned represents Third-Party Defendant/Fourth-Party Plaintiff, Artistic Pools Corporation in the above-referenced matter. I am writing in response to the Borough's letter dated today. Artistic Pool submits that the Borough's requests should be denied.

Prior to Court intervention, Artistic Pools asked the counsel for the Borough to engage in a good faith phone call, which the Borough declined and filed the instant letter.

We respectfully request that Mr. Cook's request is contrary to this Court's Order which is staying the case in order to save on litigation costs. Currently, the parties are working to resolve this case via a solution and then later discussing allocation of fault to avoid litigation costs. The parties agreed to forgo discovery, and this request goes to discovery rather than a collective resolution of the case. The Court has also addressed concerns with the constant adding of defendants in this case contributing to the delay in discovery, and the Borough's solution for Artistic to file a Fifth-Party Complaint against it, defeats the purpose of resolving this case amicably and in a timely fashion.

Of note, Third-Party Defendant learned for the first time, at the last in-person conference, that the Borough voluntarily started making repairs to the easement adjacent to the Butler's property and the Butler's thereafter advised the Borough to stop and brought this lawsuit under four causes of action, including negligence, trespass, and nuisance. These were new facts that came to light after the expert inspections and subsequent to expert reports. Plaintiff is asking for Artistic Pools to sign a stipulation with prejudice related to the negligence claim, which is part of Artistic' s cross-claims against the Borough. We believe this is unfair and prejudicial in light of our cross-claims against the Borough asserted in our Answer.

If the Court allows the filing of the Order to Show Cause, Artistic will be opposing and asking the Court for discovery related to the incomplete voluntarily repair including the individuals who worked on the repair and the scope of work performed. Based on what we learned at the conference, there is an issue as to whether the repairs started, but not completed, could have caused more water issues, and it's clear since the Borough does not maintain/own the easement and voluntarily went onto the Butler property we are entitled to depositions and discovery on this issue-including daily logs for the work started and the individuals names who performed the repairs and their scope of work. For these reasons, we have cross-claims asserted in our answer against the Borough and at this time will not sign the stipulation "with prejudice", as we need discovery on the incomplete repair work, which is material to our defenses in the case.

In order to resolve our differences, we would be willing to sign "without prejudice" with the understanding that should the stay be lifted we will be filing more demands for disclosure as well as requesting depositions of the individuals who started repairs on the easement. We want an opportunity to obtain this discovery so if we need to file a third-party action against the Borough later related to negligence, we do not waive our right to same now, since the stipulation would address our cross-claims.

Based on the above, we respectfully submit that the Borough's request for an order to show cause is premature, and improper in light of the stay and goal of the stay to save on litigation costs.

We proposed to the Borough that an equitable resolution of our differences would be to change the language to "without prejudice". To date, they have declined this resolution of our differences.

For the foregoing reasons, Artistic Pools respectfully requests that Your Honors deny the Borough's request to file an order to show cause to enforce the stipulation of discontinuance, with prejudice, in light of Artistic Pool's cross-claims against the Borough.

Thank you for your consideration.

Very truly yours,

*Nicole C. Salerno*

Nicole C. Salerno

cc:    All counsel of record