# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967



William F. Cook, Esq.
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
wcook@brownconnery.com

June 1, 2026

**VIA ECF**
**Honorable Renee M. Bumb, U.S.D.J.**
**Honorable Sharon A. King, U.S.M.J.**
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, New Jersey 08101

> **Re:** **Butler v. Borough of Haddon Heights, et al.**
> District of New Jersey Docket No. 1:24-cv-07733 (RMB/SAK)
> Our File No. 26-0052

Dear Chief Judge Bumb and Judge King:

Our office represents Defendant Borough of Haddon Heights ("the Borough") in the above matter. We submit this letter in response to a letter filed by Third-Party Defendant Artistic Pools Corporation ("Artistic Pools") (ECF No. 144) seeking a pre-motion conference for leave to file a motion for sanctions against the Borough.  For the reasons below, this request should be denied.

By way of background, this is a multi-party action in which Plaintiffs Brendan and Sarah Butler, the owners of a single-family residence in the Borough, allege various claims relating to flooding at their property.  On April 23, 2026, the Court held an in-person settlement conference.[1] During the conference, the engineers for the various parties convened without counsel to confer on a potential solution for Plaintiffs' flooding issue.[2] This was a productive discussion.  Following the conference, the Court ordered the engineers to continue this meet-and-confer process without

---

[1] The Court's intention in convening the settlement conference was to identify a remedy first and then focus on litigating the issue of who is responsible to implement and pay for the remedy.

[2] Engineers for the Borough, the Cass Defendants and Artistic Pools were present at the settlement conference. Plaintiffs' engineer was not present and did not participate in the April 23rd engineer meeting.

## BROWN & CONNERY, LLP

**Honorable Renee M. Bumb, U.S.D.J.**
**Honorable Sharon A. King, U.S.M.J.**
JUNE 1, 2026
Page 2

attorneys present. See ECF No. 139. The Court also ordered the engineers to produce a statement outlining the proposed steps to be taken to remediate the flooding issue. Ibid.

On May 7, 2026, the engineers met-and-conferred in accordance with the Court's directives without counsel.[3] Subsequent to the meeting, one engineer prepared a written summary and circulated it to the others for comments.  It is our understanding that a dispute arose as to what was actually discussed at the May 7th meeting.  This affected the engineers' ability to finalize the written proposal requested by the Court.

On May 22, 2026, the engineers held another meeting without counsel in an effort to resolve disagreements and move closer toward an agreed-upon solution.  Given the existence of disagreements as to what took place on May 7, 2026, the Borough's engineer proposed that this meeting on May 22, 2026 be recorded, because if the engineers failed to agree on the contents of the updated written summary, the recording would resolve any disagreements. All engineers consented to recording the meeting via TEAMS video conferencing platform and, if necessary, have TEAMS create a transcript.

The crux of the instant application by Artistic Pools is that this office engaged in some kind of nefarious effort to record these discussions of the engineers for strategic use in litigation.  This is simply baseless.  ***The decision to record the May 22nd TEAMS meeting was made by the engineers only and was not at the direction of this office.***  This firm had *no* knowledge that the May 22, 2026 meeting was recorded until *after* the meeting had concluded. This firm did *not* direct the Borough engineer to request the meeting be recorded. This firm did *not* obtain a court reporter to record the meeting. Finally, this firm has *no* possession or control of the recording and/or transcript.

Despite the above, and without any actual evidence of this firm's involvement in the decision to record the meeting on May 22, 2026, Artistic Pools contends the Borough had this meeting recorded "for litigation use." See ECF No. 144, pg. 2. This is incorrect for the reasons previously stated.[4]  Artistic Pools' allegations that the Borough acted in bad faith and "improperly

---

[3] Engineers for the Borough, Cass Defendants, Artistic Pools and Plaintiffs participated in this meeting.

[4] Further, any such recording would never be admissible in the first place.  Rule 408(a)(2) provides in relevant part, "***Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim: […]*** (2) ***conduct or a statement made during compromise negotiations about the claim*** – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." F.R.E. 408(a)(2) (emphasis added).

**BROWN & CONNERY, LLP**

**Honorable Renee M. Bumb, U.S.D.J.**
**Honorable Sharon A. King, U.S.M.J.**
JUNE 1, 2026
Page 3


interfered with the collaborative settlement process ordered by the Court" are not only unfounded and serious attacks, but offensive to the Borough's efforts to participate in this process.

   The Borough respectfully requests that the Court deny Artistic Pools' request for a pre-motion conference.  A motion to sanction the Borough is not appropriate.

   Thank you.

           Respectfully submitted,

           **BROWN & CONNERY, LLP**

           */s/ William F. Cook*

WFC/          William F. Cook, Esquire

cc:  All Counsel of Record *(via ECF)*